[726 NYS2d 111]

In the Matter of MICHAEL J. WYNNE (Admitted as MICHAEL JOHN WYNNE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 4, 2001

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Mitchell T. Borkowsky* of counsel), for petitioner.

*John N. Fath, P. C.,* Patchogue, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated May 17, 2000, which contained four charges of professional

misconduct. After a hearing on August 9, 2000, the Special Referee sustained all of the charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has not contested the charges and has submitted an affirmation requesting that the Court be as lenient as possible in imposing discipline.

Charge One alleges that the respondent has been convicted of a series of alcohol-related crimes and offenses and other offenses in violation of the New York State Vehicle and Traffic Law.

On or about July 7, 1984, the respondent was arrested and charged in the Justice Court, Village of Port Chester, with driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), a misdemeanor. On or about July 23, 1984, the respondent entered a plea of guilty before the Honorable Roland F. Berlingo to the reduced and amended charge of violating Vehicle and Traffic Law § 1192 (1), driving while ability impaired, a traffic infraction. He was sentenced to a conditional discharge and a fine of $250 and had his drivers license suspended for 90 days.

On or about June 28, 1987, the respondent was arrested and charged in the City of New Rochelle with driving with more than .10% blood alcohol, in violation of Vehicle and Traffic Law § 1192 (2), and driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), both misdemeanors. On or about August 26, 1987, the respondent entered a plea of guilty before the Honorable Thomas J. O'Toole to a reduced and amended charge of violating Vehicle and Traffic Law § 1192 (1), driving while ability impaired, a traffic infraction, and was sentenced to a $250 fine and the suspension of his license for 90 days.

On or about February 4, 1990, the respondent was arrested and charged in the City Court of New Rochelle with violating Vehicle and Traffic Law § 1192 (3), driving while intoxicated, a misdemeanor. On or about May 23, 1990, the respondent entered a plea of guilty to that charge before the Honorable Kenneth W. Rudolph and was sentenced to a $250 fine and the revocation of his license for one year.

On or about September 12, 1998, the respondent was arrested in Bronx County and charged in the Criminal Court of the City of New York with violating Vehicle and Traffic Law § 1192 (3), driving while intoxicated, a misdemeanor, and

violating Vehicle and Traffic Law § 1192 (1), driving while ability impaired, a traffic infraction. On or about October 30, 1998, the respondent entered a plea of guilty before the Honorable John A. Barone, to violating Vehicle and Traffic Law § 1192 (3) in satisfaction of the charges and was sentenced to six months imprisonment.

On or about May 30, 1999, the respondent was arrested in Nassau County and charged with, *inter alia,* violating Vehicle and Traffic Law § 1192 (3), driving while intoxicated, as a felony. On or about September 24, 1999, the pending charges were resolved in a bargained-for disposition whereby the respondent entered a plea of guilty before the Honorable Jules E. Orenstein to operating a motor vehicle while under the influence of alcohol as a misdemeanor, in violation of Vehicle and Traffic Law § 1192 (3), and a violation of Vehicle and Traffic Law § 1196 (7) (f), a traffic infraction. On November 19, 1999, the respondent was sentenced, *inter alia,* to a term of three years probation, a $500 fine, and the revocation of his driving privileges for six months.

Charge Two alleges that the respondent failed to file the record of his conviction in the City Court of New Rochelle of driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (3) with this Court within 30 days, in violation of Judiciary Law § 90 (4) (c).

Charge Three alleges that the respondent failed to file the record of his conviction in the Criminal Court of the City of New York of driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (3) with this Court within 30 days, in violation of Judiciary Law § 90 (4) (c).

Charge Four alleges that the respondent failed to file the record of his conviction in the County Court, Nassau County, of driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (3) with this Court within 30 days, in violation of Judiciary Law § 90 (4) (c).

Inasmuch as the charges are uncontroverted, the Special Referee properly sustained them, and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he is an alcoholic who presently attends Alcoholics Anonymous meetings and has completed an alcohol rehabilitation program. He has submitted letters from his substance abuse counselor at LMG Programs, dated July 12, 2000, August 9, 2000, and

September 7, 2000, with respect to his ongoing participation and progress in the outpatient drug and alcohol-free program at Liberation Clinic. The respondent has successfully completed the program. The respondent, who primarily handles real estate matters, testified that he has informed clients of his alcohol problem and has turned away new cases in an effort to rehabilitate himself. The respondent has also submitted a letter from Harry Zubli, Esq., a colleague who has known him for 10 years, who attests to his good moral character, honesty, and professionalism.

The Special Referee notes that there are no charges concerning the respondent's practice of law. The respondent appears to have no prior disciplinary history.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and FRIEDMANN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is censured for his professional misconduct.