[803 NYS2d 605]

In the Matter of Scott Alan Brody, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, September 26, 2005

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Anthony R. Wynne* of counsel), for petitioner.

*Speyer & Perlberg, LLC,* Melville (*Christopher McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition, dated January 21, 2004, containing one charge of professional misconduct. In his answer dated March 23, 2004, the respondent admitted the factual allegations but denied that he was thereby guilty of professional misconduct. After a hearing, the Special Referee sustained the charge.

The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent supports the motion to confirm the Special Referee's report and requests the imposition of a private sanction.

The charge alleges that the respondent has been convicted of two alcohol-related offenses.

Pursuant to a stipulation dated June 18, 2004, the following facts are not in dispute. The respondent was charged under docket No. 37991/99, in the First District Court, Suffolk County, with the unclassified misdemeanor of operating a motor vehicle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3), and the traffic infractions of operating a motor vehicle without proper headlights and without insurance, in violation of Vehicle and Traffic Law § 375 (2) (a) (1) and § 319 (1).

On October 20, 1999, the respondent entered a plea of guilty pursuant to a negotiated disposition to driving while ability impaired, in violation of Vehicle and Traffic Law § 1192 (1), a traffic infraction, reduced from the charge under section 1192 (2). The remaining charges were dismissed. The respondent was sentenced on October 20, 1999, to a conditional discharge, and a $500 fine was imposed.

On February 8, 2003, the respondent was arrested and charged under Southampton Town Court index No. 03-3097 with the unclassified misdemeanors of operating a motor vehi-

cle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3), and the traffic infraction of failure to maintain lane, in violation of Vehicle and Traffic Law § 1128 (a).

On April 18, 2003, the respondent entered a plea of guilty before the Honorable Barbara Wilson, pursuant to a negotiated disposition, to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2). The remaining charges were dismissed. The respondent was sentenced to a conditional discharge. The court also imposed a fine of $1,000 and a surcharge of $125.

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the positive steps he has taken to rehabilitate himself since these incidents, the absence of any prior disciplinary history, the fact that his conduct in no way affected any client, and the positive findings of the Special Referee.

Under the totality of circumstances, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and MASTRO, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is censured for his professional misconduct.