[802 NYS2d 188]

In the Matter of ROBERT JAMES DELCOL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 3, 2005

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman, Quinlan & Werner, LLP*, Bayshore (*David H. Besso* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition dated January 10, 2005, containing four charges of professional misconduct. The respondent served an answer and an amended answer, in which he essentially admitted the charges, provided an explanation with respect to Charge Four, and asserted three affirmative defenses. A hearing was held, after which the Special Referee sustained all four charges, and the petitioner moves to confirm the Special Referee's report. The respondent does not oppose the motion, and requests that the Court adjudicate this matter in accordance with the Special Referee's report.

Charge One alleges that the respondent is guilty of professional misconduct by having been convicted of a crime. In or about December 29, 2002, a felony complaint was filed in the First District Court of Suffolk County charging the respondent with operating a motor vehicle while under the influence of alcohol or drugs, in violation of Vehicle and Traffic Law § 1192 (2), (3), or (4). On or about July 21, 2003, the felony complaint was converted to a misdemeanor information upon the respondent's plea of guilty to operating a motor vehicle while under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192 (3), as a misdemeanor. On December 19, 2003, the respondent was sentenced to 280 hours of community service and three years probation. A $500 fine was also imposed.

Charge Two alleges that the respondent is guilty of professional misconduct by having been convicted of a crime. On or about January 1, 1999, a misdemeanor information was filed in the First District Court of Suffolk County charging the respondent with operating a motor vehicle under the influence of alcohol or drugs, in violation of Vehicle and Traffic Law § 1192 (3).

On or about May 24, 1999, the respondent pleaded guilty to operating a motor vehicle under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192 (3), a misdemeanor. On July 19, 1999, the respondent was sentenced to three years probation, and a $500 fine was imposed.

Charge Three realleges each and every allegation set forth in Charge Two, and further alleges that the respondent is guilty of professional misconduct by having been convicted of a crime. On or about April 10, 1999, an accusatory instrument was filed in the First District Court of Suffolk County charging respondent with the crime of aggravated unlicensed operation of a motor vehicle in the third degree in violation of Vehicle and Traffic Law § 511 (1), a misdemeanor.

On or about July 19, 1999, the respondent pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third degree, in violation of Vehicle and Traffic Law § 511 (1), a misdemeanor. A $500 fine was imposed, along with a $25 surcharge.

Charge Four realleges every allegation set forth in Charges Two and Three, and further alleges that the respondent is guilty of misconduct by failing to report his conviction of Vehicle and Traffic Law § 1192 (3) and Vehicle and Traffic Law § 511 (1) to this Court, as required by Judiciary Law § 90 and 22 NYCRR 691.2.

In his amended answer, the respondent admitted Charges One, Two, and Three. With respect to Charge Four, he admitted that he failed to timely report his conviction of a crime, but he asserts that he did report it on February 12, 2004. He further asserts three affirmative defenses: that during the period January 1999 through December 2002, he was battling an addiction to alcohol, and alleges that since January 2003, he has been alcohol free; that he has attended and successfully completed alcohol rehabilitation and has participated in the Suffolk County Bar Association's lawyers committee on alcoholism; and that all times since his admission to the bar, he has conscientiously and competently represented clients, and acted honorably and respectfully.

The respondent appeared with counsel at the hearing. The petitioner relied solely upon documentary evidence. The respondent testified on his own behalf and presented five character witnesses.

Based on the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained Charges One through Four. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the positive steps he has taken to rehabilitate himself and his dedication to

the legal profession. In view of the respondent's efforts to come to terms with his alcohol addiction, the respondent is censured for his professional misconduct.

FLORIO, J.P., H. MILLER, SCHMIDT, ADAMS and SANTUCCI, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is censured for his professional misconduct.