[924 NYS2d 527]

In the Matter of KENNETH MARK PIKEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 31, 2011

### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*McDonough and McDonough*, Westbury (*Chris McDonough* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated June 8, 2008 containing three charges of professional misconduct. After a hearing on August 5, 2009, the Special Referee issued a report sustaining charges one and two, but not charge three. The Grievance Committee moved to confirm the Special Referee's report insofar as it sustained charges one and two, disaffirm the report insofar as it did not sustain charge three, and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted papers in response, joining in the motion as far as charges one and two, and opposing the motion with respect to charge three. The respondent contends that the sanction to be imposed should be no greater than a public censure.

Charge one alleges that the respondent is guilty of engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer in that he was convicted of crimes within the meaning of Judiciary Law § 90, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Specifically, on November 19, 2009, the respondent pleaded guilty before the Honorable Robert H. Spergel in the District Court, Nassau County, to the crimes of resisting arrest, in violation of Penal Law § 205.30, a class A misdemeanor, aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2-a), an unclassified misdemeanor, and failure to obey an officer regulating traffic, in violation of Vehicle and Traffic Law § 1102, and speeding, in violation of Vehicle and Traffic Law § 1180 (a), both infractions.

On or about November 19, 2009, the respondent admitted, before Judge Spergel, that on March 25, 2008, after having

consumed alcoholic beverages, he became intoxicated and drove westbound on the service road at Andover Road in East Hills in the County of Nassau, exceeded the posted speed limit, failed to obey the lawful order of a police officer to stop the vehicle, and resisted arrest by refusing to be handcuffed.

On or about February 2, 2010, the respondent was sentenced to a $1,000 fine for resisting arrest, a $1,000 fine for aggravated driving while intoxicated, revocation of his driver's license, and three years' probation with conditions imposed pursuant to the Recidivist Alcohol Probationer Program (hereinafter RAPP), to run concurrently with other probationary conditions, a $100 fine each for the two violations; a surcharge of $165, and a Crime Victims Assistance Fund (hereinafter CVAF) charge of $20.

Charge two alleges that the respondent is guilty of engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Specifically, on November 19, 2009, the respondent also pleaded guilty before Judge Spergel in the District Court, Nassau County, to the crime of aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2-a), and operating a motor vehicle without being restrained by a safety belt, in violation of Vehicle and Traffic Law § 1229-c (3), an infraction.

On November 19, 2009, the respondent admitted before Judge Spergel that, on January 19, 2009, he consumed alcohol, became intoxicated, and operated a motor vehicle westbound on the Wantagh State Parkway, without wearing a seatbelt.

On February 10, 2010, the respondent was sentenced to a $1,000 fine for aggravated driving while intoxicated, revocation of his driver's license, and three years' probation with conditions imposed pursuant to the RAPP, to run concurrently with other probationary conditions, a $100 fine for operating a motor vehicle without being restrained by a safety belt, a surcharge of $165, and a CVAF charge of $20.

Charge three alleges that the respondent is guilty of conduct that adversely reflects on his fitness as a lawyer in that the respondent was convicted of crimes within the meaning of Judiciary Law § 90 (2), in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications set forth in charges one and two.

Based on the evidence adduced at the hearing and the respondent's admissions, the Special Referee properly sustained charges one and two, and properly did not sustain charge three, on the ground that it is duplicative. Accordingly, those branches of the Grievance Committee's motion which were to confirm so much of the Special Referee's report as sustained charges one and two is granted, and that branch of the motion which was to disaffirm so much of the Special Referee's report as did not sustain charge three is denied.

In view of the mitigation advanced, including the absence of a prior disciplinary history, the steps taken by the respondent to rehabilitate himself since these incidents, including voluntary admission to various in-patient programs, compliance with the conditions of his probation, and the fact that the respondent has maintained his sobriety and no third party was affected by his conduct, we conclude that a public censure is the appropriate discipline to impose in this case.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ROMAN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that charges one and two are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.