[929 NYS2d 257]

In the Matter of ARNOLD L. KERT (Admitted as ARNOLD LANCE KERT), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 30, 2011

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

*John F. Carman*, Garden City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct. After a hearing at which the respondent appeared, the Special Referee sustained all three charges. The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves to confirm the report of the Special Referee.

Charge one alleges that the respondent has been guilty of engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On or about May 17, 2006, the respondent was arrested in the County of Nassau, and charged with operating a motor vehicle while under the influence of alcohol or drugs, in violation of Vehicle and Traffic Law § 1192 (2) (driving while intoxicated per se; operating a motor vehicle while having .08% or more by weight of alcohol in the blood) and (3) (driving while intoxicated), both unclassified misdemeanors.

On or about June 2, 2006, the respondent pleaded guilty in the District Court, Nassau County, to operating a motor vehicle while ability impaired, in violation of Vehicle and Traffic Law § 1192 (1), an infraction. The respondent was sentenced to a conditional discharge for one year, his driver's license was suspended for 90 days, and he was directed to pay a $350 fine, a $70 surcharge, and a $5 crime victims' assessment fee.

Charge two alleges that the respondent has been guilty of engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On or about February 4, 2009, the respondent was again arrested in the County of Nassau, and once again charged with operating a motor vehicle while under the influence of alcohol or drugs, in violation of Vehicle and Traffic Law § 1192 (2) (driv-

ing while intoxicated per se; operating a motor vehicle while having a .08% by weight or more of alcohol in the blood), an unclassified misdemeanor, as well as operating a motor vehicle without insurance, in violation of Vehicle and Traffic Law § 319 (1), an infraction.

On or about May 26, 2009, the respondent pleaded guilty in the District Court, Nassau County, to operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (2), an unclassified misdemeanor. The charge alleging a violation of Vehicle and Traffic Law § 319 (1) was dismissed.

On or about August 14, 2009, the respondent was sentenced to five days' imprisonment and three years' probation, his driver's license was revoked, and he was directed to pay a $750 fine, a $370 surcharge, and a $25 crime victims' assessment fee.

Charge three alleges that the respondent has been guilty of engaging in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual specifications of charges one and two.

Based upon the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained charges one, two and three. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent has successfully participated in alcohol counseling. Moreover, with the exception of a letter of caution issued in December 2007 related to his 2006 conviction, the respondent has no prior disciplinary history in 38 years of practice.

Under the totality of circumstances, including the positive impression of the respondent noted by the Special Referee, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Arnold L. Kert, admitted as Arnold Lance Kert, is censured for his professional misconduct.