[945 NYS2d 31]

In the Matter of ANTON ANTOMATTEI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 22, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Paul L. Friman* of counsel), for petitioner.

*Anton Antomattei*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Anton Antomattei was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1980. At all times relevant to this proceeding, respondent has practiced law in the First Department. Respondent's alleged misconduct arises from two convictions for drunk driving related offenses. The Departmental Disciplinary Committee has moved, pursuant to 22 NYCRR 605.15 (e), to confirm the Referee's and Hearing Panel's findings of fact, conclusions of law, and respective sanction recommendations that respondent receive a public censure on the condition that he participate in a Lawyer Assistance Program (LAP). In his response, respondent suggests private discipline and argues against ordering his participation in LAP.

On June 7, 2002, in Criminal Court, Bronx County, respondent pleaded guilty to driving while ability impaired by alcohol, a violation offense, in violation of Vehicle and Traffic Law § 1192 (1). He was sentenced to, inter alia, a conditional discharge, ordered to attend a DWI program, and his driver's license was revoked for six months. Because this conviction was for a violation, respondent was not required by Judiciary Law § 90 (4) (c) to notify the Disciplinary Committee of its existence.

On October 5, 2005, respondent pleaded guilty in North Salem Town Court, Westchester County, to driving while intoxicated, a misdemeanor, in violation of Vehicle and Traffic Law § 1192 (2). He was again sentenced to a conditional discharge, his driver's license was revoked for six months, and he was required to attend a DWI program. The Disciplinary Committee was made aware of this conviction and, on March 22, 2006, it issued a letter of admonition finding that respondent had engaged in misconduct which adversely reflected on his fitness as a lawyer, in violation of then Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). As respondent's October 2005 misdemeanor conviction was addressed by the admonition, the Committee did not include it as part of the current charges.

Approximately 2½ years later, on July 7, 2008, a member of the New York State Police observed respondent, alone, parked on the side of I-684 in Westchester County standing outside his car with the hazard lights flashing. When the trooper approached, respondent appeared intoxicated and was unable to

perform field sobriety tests. Respondent was arrested and results of a Breathalyzer test were .22% blood alcohol content. Respondent was charged with the felony driving while intoxicated under Vehicle and Traffic Law § 1193 (c), based on the fact that he had been convicted of driving while intoxicated as a misdemeanor within the preceding 10 years (the 2005 conviction).

On September 8, 2009, in North Castle Town Court, Westchester County, respondent, represented by counsel, pleaded guilty to the reduced charge of driving while intoxicated, a misdemeanor (Vehicle and Traffic Law § 1192 [2]), and was sentenced that same day to a one-year conditional discharge, fines and surcharges, license revocation for one year (which, as of December 2010, had not been restored), attendance at a MADD panel, and participation in a substance abuse program at Daytop Village (which he successfully completed).

In its statement of charges dated June 21, 2010, the Committee brought two disciplinary charges against respondent. Charge one alleged that his September 8, 2009 misdemeanor conviction for driving while intoxicated constituted illegal conduct that adversely reflected on his fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b) and former DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]); charge two alleged that his June 2002 conviction for the violation of driving while ability impaired constituted conduct that adversely reflected on his fitness as a lawyer, in violation of rule 8.4 (h) and former DR 1-102 (a) (7). By answer dated July 19, 2010, respondent admitted to certain allegations in the charges, including his convictions, but asserted what he considered to be five affirmative defenses, and requested that both charges be dismissed.

The Referee sustained both charges and recommended a public censure, with the requirement that respondent participate for six months in a LAP program, or an equivalent program approved by the Committee. In making this recommendation for treatment, the Referee noted that, even though respondent had successfully completed Daytop's program, he had completed drinking and driving programs following his 2002 and 2005 convictions, but continued to offend. Therefore, the Referee believed participation in a program designed specifically for lawyers would be beneficial. Regarding the Committee's position that the appropriate sanction would be a brief period of suspension, the Referee found that mitigating factors in favor of

the more lenient sanction included that there were no charges concerning respondent's practice of law (*Matter of Wynne*, 283 AD2d 55 [2001]); respondent had successfully completed his substance abuse rehabilitation at Daytop Village and had authorized disclosure of his confidential record of treatment showing his positive participation in the program; and respondent was sincere in his statements of current sobriety and determination not to abuse alcohol.

The Hearing Panel agreed with the Referee's findings of liability and recommendation of censure, conditioned on successful completion of a LAP program, noting that in previous disciplinary proceedings for nonfelony alcohol-related driving convictions, with no effect on the attorney's practice or evidence of harm to clients, the sanction had been public censure (*see Matter of Garbarini*, 76 AD3d 379 [2010]; *Matter of DelCol*, 23 AD3d 7 [2005]; *Matter of Wynne*, 283 AD2d 55 [2001]). One Panel member, however, "strongly" dissented, finding that a sanction of no less than a one-year suspension was warranted. The Panel did not believe that a suspension would be beneficial in addressing whatever problem respondent suffers from; in fact, in the Panel's view, a suspension could exacerbate the problem. While the Panel agreed with the Committee that respondent required further treatment, it preferred to accomplish this by way of a censure conditioned on respondent's participation in LAP. The Panel further requested that the Court advise respondent of the consequences should he fail to comply with this requirement.

In light of the similar recommendations of public censure conditioned on alcohol treatment made by the Referee and the Panel, the Committee has determined to seek confirmation of their findings and recommendations, with respondent to be censured and required to attend a LAP program for at least six months, with quarterly reports by respondent to the Committee.

Under these circumstances, we find that public censure, along with required treatment, is appropriate. Censure has been imposed involving conduct comparable to that of respondent's (*see Matter of Garbarini*, 76 AD3d 379 [2010], *supra; Matter of DelCol*, 23 AD3d 7 [2005], *supra; Matter of Wynne*, 283 AD2d 55 [2001], *supra*).Here, as in *Matter of Garbarini*, respondent has remained sober and employed, and his misconduct, while serious, did not affect any clients.

Accordingly, the Committee's motion is granted, respondent should be censured, and should be required to enroll in and suc-

cessfully complete the New York City Bar Lawyer Assistance Program for a period of one year, and to provide quarterly reports to the Committee. In the event respondent fails to enroll in and complete this LAP, this Court will entertain further disciplinary proceedings by the Committee.

DeGrasse, J.P., Freedman, Abdus-Salaam, Manzanet-Daniels and Román, JJ., concur.

Respondent publicly censured, as indicated.