OPINION OF THE COURT
Per Curiam.
By letter dated January 31, 2012, the Grievance Committee for the Tenth Judicial District advised the Court that on or about August 10, 2011, the respondent was convicted, upon her plea of guilty, of operating a motor vehicle under the influence of alcohol or drugs, an unclassified misdemeanor in violation of Vehicle and Traffic Law § 1192 (3). The subject incident occurred on November 7, 2009.
By decision and order on motion dated April 6, 2012, this Court, on its own motion, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent. The issues raised by the petition and any answer thereto were referred to the Honorable Elaine Jackson Stack, as Special Referee, to hear and report.
The respondent was served with a verified petition containing one charge of professional misconduct. After a hearing at which the respondent appeared, the Special Referee did not sustain the charge. The Grievance Committee now moves to disaffirm *3 the report of the Special Referee. The respondent opposes the Grievance Committee’s motion.
The charge alleges that the respondent engaged in illegal conduct that adversely reflects on her honesty, trustworthiness, or fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b). On or about November 7, 2009, a simplified information was filed in District Court, Nassau County, docket No. 2009NA028715, charging the respondent with driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor. On August 10, 2011, before the Honorable Rhonda Fischer, Judge of the District Court, Nassau County, the respondent entered a plea of guilty to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3). At that time, the respondent was sentenced to a conditional discharge for a period of one year. She was directed to comply with the ignition interlock device regulations for a period of one year, and her driver’s license was revoked. In addition, she was required to pay a $500 fine, a $370 surcharge, and a Crime Victims Assistance Fund charge of $25. The foregoing were all paid.
We find that the Special Referee improperly failed to sustain the charge. The respondent’s admissions and the evidence adduced at the hearing support a finding that the respondent committed the acts alleged in the charge, and that these acts adversely reflect on her fitness as a lawyer in violation of rule 8.4 (b) (see Matter ofKert, 88 AD3d 280 [2011]; Matter ofPiken, 86 AD3d 143 [2011]). The Grievance Committee’s motion to dis-affirm the Special Referee’s report is granted.
In determining an appropriate measure of discipline to impose, the Court has considered, in mitigation, the absence of charges concerning the respondent’s practice of law, the respondent’s successful completion of a rehabilitation program, and the respondent’s sincere statements of remorse, statements that she has remained sober, and her determination not to abuse alcohol in the future {see Matter of Wynne, 283 AD2d 55, 57-58 [2001]; cf. Matter of Antomattei, 96 AD3d 136, 138-139 [2012]). However, the respondent’s opposition notwithstanding, the Court also has taken into consideration her prior history of alcohol-related offenses. In addition, in August 2011, the respondent was convicted of disorderly conduct, a violation under Penal Law § 240.20 (7), and harassment in the second degree, a violation under Penal Law § 240.26. The Court also has taken into consideration, as an aggravating factor, a letter of admoni *4 tion dated May 10, 2010, personally delivered to the respondent, which was based on her engaging in abusive and ethnically derogatory behavior at a closing.
Under the totality of the circumstances, the respondent is publicly censured (see Matter of Kert, 88 AD3d 280 [2011]; Matter of Wynne, 283 AD2d 55 [2001]; cf. Matter of Antomattei, 96 AD3d 136 [2012]).
Eng, P.J., Mastro, Skelos, Dillon and Leventhal, JJ., concur.
Ordered that the petitioner’s motion to disaffirm the report of the Special Referee is granted; and it is further,
Ordered that the respondent, Ann McGrane, is publicly censured for her professional misconduct.