Matter of Goner (2017 NY Slip Op 09279)





Matter of Goner


2017 NY Slip Op 09279


Decided on December 29, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2016-00371

[*1]In the Matter of Robert David Goner, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Robert David Goner, respondent. (Attorney Registration No. 2556512)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Supreme Court in the Appellate Division, Second Judicial Department, on June 30, 1993.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
McDonough & McDonough, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By affirmation dated January 7, 2016, on notice to the respondent, the Grievance Committee for the Tenth Judicial District advised the Court that on July 20, 2015, the respondent pleaded guilty in the Supreme Court, Nassau County, to one count of endangering the welfare of a child, a class A misdemeanor, under Penal Law § 260.10(1). By decision and order on motion dated June 15, 2016, this Court determined that the respondent's conviction was a serious crime within the meaning of former 22 NYCRR 691.7(b), but vacated the suspension resulting therefrom pursuant to Judiciary Law § 90(4)(f). In the same order, this Court authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based upon his conviction of a serious crime, and referred the issues raised by the petition and any answer thereto to Norma Giffords, as Special Referee, to hear and report.
The respondent was served with a notice of petition dated July 8, 2016, and a verified petition dated July 7, 2016. The petition was later amended to reflect the fact that the respondent pleaded guilty in the County Court, Nassau County, not the Supreme Court, Nassau County. After a hearing held on May 11, 2017, the Special Referee filed a report which sustained the single charge of the amended petition. The petitioner now moves for an order confirming the report of the Special Referee, and imposing such discipline upon the respondent as the Court deems appropriate. The respondent, by counsel, has submitted an affirmation in response in which he joins in the petitioner's motion to confirm, and requests the Court to conclude this matter by issuing a private reprimand, or a sanction no greater than a public censure.
The charge alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of rule 8.4(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), by virtue of his conviction, as follows: On July 20, [*2]2015, the respondent pleaded guilty in the County Court, Nassau County, to one count of endangering the welfare of a child, a class A misdemeanor, under Penal Law § 260.10(1). On September 14, 2015, the respondent was sentenced to a three-year term of probation with domestic violence conditions and alcohol therapy as a condition of probation. Additionally, the County Court issued orders of protection directing the respondent to stay away from his daughters and his wife while under the influence of alcohol, and otherwise refrain from assaulting, stalking, or committing any other criminal offense against them, for a period of five years. The respondent was also required to pay a mandatory surcharge of $175, a crime victims' assistance fee of $25, and a DNA fee of $50.
We find that the Special Referee properly sustained the charge, as the evidence adduced established that the respondent engaged in conduct in violation of rule 8.4(b) of the Rules of Professional Conduct (22 NYCRR 1200.0). Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline to impose, the respondent's counsel contends that the respondent's actions leading to his arrest and conviction were the result of his alcohol abuse, and that he has made efforts to successfully address his problem. This Court has considered, in mitigation, the fact that the respondent's conduct did not involve violence, the respondent's rehabilitative efforts, his completion of a group counseling program for domestic violence, and the affirmations attesting to his integrity and strong moral character. However, the respondent's counsel's opposition notwithstanding, the Court has also taken into consideration, as an aggravating factor, a Letter of Caution issued in connection with his conviction, on February 2, 2015, of driving while intoxicated in violation of Vehicle and Traffic Law § 1192.3, an unclassified misdemeanor.
Under the totality of the circumstances, the respondent is publicly censured (see Matter of McGrane, 111 AD3d 1; Matter of Kert, 88 AD3d 280).
ENG, P.J., MASTRO, RIVERA, DILLON, and MILLER, JJ., concur.
ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Robert David Goner, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court