Matter of Soffey (2022 NY Slip Op 05090)

Matter of Soffey

2022 NY Slip Op 05090

Decided on August 31, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.

2020-08452

[*1]In the Matter of Douglas Michael Soffey, an attorney and counselor-at-law. (Attorney Registration No. 2373108)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 30, 1991. By decision and order on motion dated April 20, 2021, pursuant to 22 NYCRR 1240.12(c)(3)(iii), the respondent was ordered to show cause at a hearing before the Honorable Joseph Covello, as Special Referee, why a final order of suspension, censure, or disbarment should not be made, based on his conviction of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2), an unclassified misdemeanor.

Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for Grievance Committee for the Tenth Judicial District.

PER CURIAM.

OPINION & ORDER
On December 4, 2018, in the District Court, Nassau County, before the Honorable William Hohauser, the respondent was convicted, upon his plea of guilty, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2), an unclassified misdemeanor, and disorderly conduct, in violation of Penal Law § 240.20(7), a violation. On March 15, 2019, the respondent was sentenced to five days of incarceration and three years of probation, his driver license was revoked for a period of six months, and he was directed to pay a $500 fine and surcharges totaling $195 for his conviction of driving while intoxicated. He also received a conditional discharge for one year and was directed to pay a $95 surcharge and a $25 crime victims assessment fee for his conviction of disorderly conduct.
The respondent did not inform this Court or the Grievance Committee for the Tenth Judicial District of his criminal conviction of driving while intoxicated, as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a), respectively.
In an affirmation dated November 10, 2020, on notice to the respondent, the Grievance Committee advised this Court of the respondent's convictions. By decision and order on motion dated April 20, 2021, this Court directed the respondent to show cause before the Honorable Joseph Covello, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on the respondent's conviction of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2).
After a preliminary conference, and a hearing held on May 26, 2021, the Special Referee filed a report on October 18, 2021, setting forth his findings. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent has not filed a response or requested additional time in which to do so. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline to impose, we have considered in mitigation, inter alia, the respondent's acceptance of responsibility, his remorse, his compliance with the conditions of his sentence, his rehabilitative efforts, that his misconduct was not committed during his practice of law, and evidence submitted in support of his good character. The Court has also taken into consideration his prior alcohol-related conviction in September 2016 of driving while ability impaired, an infraction, and his disciplinary history, consisting of an admonition and a letter of advisement.
Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct (see Matter of McGrane, 111 AD3d 1; Matter of Kert, 88 AD3d 280; Matter of Brody, 23 AD3d 94).
LASALLE, P.J., DILLON, DUFFY, BARROS and WOOTEN, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Douglas Michael Soffey, is publicly censured for his professional misconduct.
ENTER:
Maria T. Fasulo
Clerk of the Court