Matter of Lange (2023 NY Slip Op 01350)

Matter of Lange

2023 NY Slip Op 01350

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

PM-53-23
[*1]In the Matter of Danielle R. Lange, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Danielle R. Lange, Respondent. (Attorney Registration No. 4381646.)

Calendar Date:July 11, 2022

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
O'Connell & Aronowitz, Albany (Stephen R. Coffey of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 and most recently maintained an office for the practice of law in the City of Cohoes, Albany County. In August 2018, respondent was arrested following a traffic stop where she was found to be in possession of a quantity of controlled substances. Although she was charged with multiple offenses, including multiple drug related offenses, respondent ultimately pleaded guilty to a single count of the class A misdemeanor of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03) and was later sentenced to a term of probation, community service and drug treatment. By petition of charges dated March 22, 2022 and duly served upon respondent in compliance with the Rules of this Court, petitioner alleged that respondent's arrest and subsequent conviction constituted illegal conduct and conduct that adversely reflects on her fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b) and (h). Significantly, despite being served with the subject petition and seeking, and receiving, two adjournments from this Court to allow her to confer with an attorney and prepare an answer, respondent ultimately failed to join issue. By motion returnable July 11, 2022, petitioner sought an order holding respondent in default, deeming the misconduct established and imposing discipline upon respondent. Respondent did not respond to petitioner's motion, despite the fact that it also had been served upon her in compliance with the Court's Rules. Accordingly, in a confidential decision and order dated December 2, 2022, we granted petitioner's motion and deemed the misconduct established. The parties were thereafter heard at oral argument in aggravation, mitigation and as to the sanction to be imposed.
As to the appropriate sanction for respondent's professional misconduct, we have reviewed various mitigating circumstances presented by respondent (see ABA Standards for Imposing Lawyer Sanctions standard § 9.32 [a], [b], [c], [h], [i] [2]). We also have considered the aggravating factors presented by petitioner, including respondent's default and conduct during the instant proceeding and her possession of a controlled substance (see ABA Standards for Imposing Lawyer Sanctions standards §§ 5.12; 9.22 [e], [k]), as well as her failure to comply with her statutory attorney registration obligations and other statutory requirements [FN1] during the pendency of this proceeding (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [h]). Accordingly, upon our review of all of the circumstances, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent should be suspended from the practice of law for a period of two years, effective immediately. Moreover, considering the facts [*2]and circumstances presented by the parties, we deem it appropriate to condition respondent's future reinstatement on certain prerequisites, which are in addition to the requirements contained in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16.
First, we order that any future application by respondent seeking reinstatement in this state must be accompanied by proof to this Court and to petitioner that she is in good standing in Massachusetts and that she has satisfied her attorney registration requirements in this state.
Second, we further order that, if respondent is still residing out-of-state at the time she seeks reinstatement, any future application seeking reinstatement in this state must be accompanied by proof to this Court and to petitioner that respondent has established a New York law office.
Third, during oral argument before the Court, respondent indicated that she had previously engaged with the New York State Bar Association's Lawyers' Assistance Program (hereinafter LAP) for one year, and, while she expressed an intent to voluntarily continue participation in LAP, she ultimately did not continue. Accordingly, any future reinstatement application by respondent is conditioned upon her provision of proof to this Court and to petitioner that she has entered into a monitoring agreement with LAP that includes monthly random urine drug testing, the results of which shall be duly transmitted and/or reported to LAP by the testing facility. In the event respondent is successfully discharged from that monitoring agreement before the end of her suspension, any future reinstatement application by respondent is conditioned upon her provision of proof to this Court and to petitioner that she was successfully discharged from such monitoring agreement. Furthermore, should any monitoring agreement with LAP include respondent's participation in other programming as recommended by LAP, including but not limited to peer support or peer groups, any future reinstatement application by respondent is conditioned upon her provision of proof to this Court and to petitioner of her total participation in such programming. Should respondent seek to utilize a lawyer assistance program offered by another jurisdiction that provides substantially similar services as LAP, such action may only be accomplished upon petitioner's consent or upon order of this Court.
Fourth, during oral argument before us and in her written submissions, respondent avers to participating in outpatient treatment with Conifer Park Health Clinic and it is therefore ordered that any future reinstatement application by respondent is conditioned upon her provision of proof to this Court and to petitioner that she remains participating in treatment with that facility. In the event respondent is successfully discharged from that treatment before the end of her suspension, any future reinstatement application by respondent is conditioned upon her provision of proof to this Court [*3]and to petitioner that she was successfully discharged from such treatment. Should respondent seek to substitute a different treatment program, either in this state or another jurisdiction, that provides substantially similar services as Conifer Park Health Clinic, such action may only be accomplished upon petitioner's consent or upon order of this Court.
Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that respondent is suspended from the practice of law for two years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: During the course of this proceeding, respondent asserted that she now resides out-of-state and no longer maintains a law office in New York, but continues to appear as attorney of record for clients in this state. On this point, Judiciary Law § 470 allows a New York attorney to practice in this state while residing in another, provided that he or she maintains a law office in New York. While not argued by petitioner, respondent's relocation out-of-state and the closure of her New York law office while still representing clients in this state may be considered misconduct (see e.g. Matter of Marin , 250 AD2d 997, 998 [3d Dept 1998]).