Matter of Gamalski (2023 NY Slip Op 03898)

Matter of Gamalski

2023 NY Slip Op 03898

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

PM-153-23
[*1]In the Matter of Andrea L. Gamalski, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Andrea L. Gamalski, Respondent. (Attorney Registration No. 5419957.)

Calendar Date:June 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Nikolas S. Tamburello of counsel), for petitioner.
Tabner, Ryan & Keniry, LLP, Albany (William F. Ryan Jr. of counsel), for respondent.

Respondent was admitted to practice by this Court in 2016 and presently maintains a law office in the City of Kingston, Ulster County. Following respondent's conviction of misdemeanor driving while intoxicated in connection with her involvement in a motor vehicle accident in June 2018, by petition of charges brought in August 2021, petitioner alleged professional misconduct warranting discipline (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [1]). Following each party's filing of Statements of Disputed/Undisputed Fact, petitioner moved, by motion returnable April 10, 2023, for summary judgment declaring that there were no genuine issues of material fact requiring a hearing, deeming the misconduct established and fixing a time at which the parties could be heard in mitigation, aggravation and as to the discipline to be imposed. Respondent opposed petitioner's motion and asked this Court to find that respondent did not commit professional misconduct or, in the alternative, that the matter be referred to a referee on the issue of liability or, if sanctions were to be imposed, that any sanction be held in abeyance for respondent to be heard in mitigation. In a confidential decision and order issued on May 11, 2023, we granted petitioner's motion, found respondent guilty of the misconduct as alleged in the petition of charges and directed that the parties may be heard in mitigation, aggravation or otherwise. The parties thereafter made additional submissions as to those issues, and we have additionally heard from the parties at oral argument.
Initially, we note that while respondent has suggested that a letter of advisement be issued, this is not an appropriate sanction upon a finding of professional misconduct. A letter of advisement may only be issued "upon a finding that the respondent has engaged in conduct requiring comment that, under the facts of the case, does not warrant the imposition of discipline" and a letter of advisement "shall not constitute discipline" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.2 [i]). Here, we have substantiated petitioner's allegations of professional misconduct by granting summary judgment finding that respondent has violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b). In short, where this Court or petitioner itself has determined that professional misconduct has been committed by the respondent, a letter of advisement is no longer an available option and a disciplinary sanction must instead be imposed (compare Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [d] [2] [iv], with Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [d] [2] [v], [vi]; see also Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
As to the appropriate disciplinary sanction in this matter, we have reviewed the various aggravating and mitigating factors as submitted by petitioner and respondent respectively. Accordingly, taking into account respondent's past steps [*2]to address her addiction, her candor in the investigation process, as well as petitioner's concerns that respondent may not be actively treating her addiction, we find that censure would be an appropriate penalty (see Matter of Soffey, 209 AD3d 103, 105 [2d Dept 2022]; Matter of Castelli, 180 AD3d 152, 154 [2d Dept 2020]; Matter of Dowgier, 170 AD3d 1424, 1425 [3d Dept 2019]). It does not appear that a suspension is necessary to protect the public or to maintain the integrity of the profession based on the severity of the misconduct and lack of harm to current or former clients (compare Matter of Lange, 214 AD3d 1203, 1206 [3d Dept 2023], and Matter of Reul, 211 AD3d 1309, 1311-1312 [3d Dept 2022], with Matter of Soffey, 209 AD3d at 105, and Matter of Brody, 23 AD3d 94, 96 [2d Dept 2005]). To that end, respondent has been candid concerning the investigation of her misconduct and remains compliant with her attorney registration obligations and other statutory requirements (compare Matter of Lange, 214 AD3d at 1204-1205). Although respondent has not provided this Court with reports indicating that she is engaged in active treatment for her addiction and mental health issues nor affirmations attesting to her good character (see Matter of Castelli, 180 AD3d at 154), it appears that respondent has taken meaningful steps to address her addiction as demonstrated by her completion of various programs including inpatient rehabilitation, a chemical dependency outpatient program and a medicated assisted treatment program (see Matter of Dowgier, 170 AD3d at 1425). Accordingly, we publicly censure respondent for her professional misconduct. However, because of respondent's history with illegal substances, we believe that certain conditions must be imposed upon her continued practiced of law in order to safeguard the public given the facts and circumstances presented (see Matter of Canale, 162 AD3d 1455, 1457 [3d Dept 2018]; see also Judiciary Law § 90 [4] [h]).
Egan Jr., J.P., Lynch, Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that respondent is censured; and it is further
ORDERED that respondent's continued practice of law is conditioned upon the following requirements: (1) respondent shall participate in a drug and alcohol evaluation to be conducted by a provider certified by the Office of Addiction Services and Supports within 30 days of this order and shall thereafter abide by, and meaningfully participate in, all treatment recommendations of said certified provider until satisfactorily discharged in a writing to be provided to petitioner; (2) respondent shall designate petitioner as a collateral contact for evaluation and treatment by the OASAS-certified provider; and (3) respondent shall not consume alcohol or engage in the non-prescribed use of drugs.