Matter of Lovell (2024 NY Slip Op 04322)

Matter of Lovell

2024 NY Slip Op 04322

Decided on August 28, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.

2022-01372

[*1]In the Matter of Casey Milton Lovell, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Casey Milton Lovell, respondent. (Attorney Registration No. 5099247)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 24, 2013. By order to show cause dated December 20, 2022, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his conviction on October 24, 2019, in the First Judicial District (Monroe County), State of Michigan, of operating a vehicle while visibly impaired, in violation of Michigan Compiled Laws § 257.625(3), a misdemeanor.

Courtny Osterling, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.
Casey Milton Lovell, La Salle, Michigan, respondent pro se.

PER CURIAM.

OPINION & ORDER
By affirmation dated February 15, 2022, on notice to the respondent, the Grievance Committee for the Ninth Judicial District advised this Court that on May 25, 2019, the respondent was arrested in Monroe, Michigan, and charged with operating while intoxicated, a misdemeanor, in violation of Michigan Compiled Laws § 257.625(1). This charge was a second offense charge based on the respondent's 2015 New York conviction of driving while ability impaired, an infraction, in violation of Vehicle and Traffic Law § 1192(1). On October 24, 2019, the respondent pleaded guilty to the added charge of operating while visibly impaired, a misdemeanor, in violation of Michigan Compiled Laws § 257.625(3), and the charge of operating while intoxicated was dismissed. During his plea, the respondent admitted that he had driven while impaired by a controlled substance, namely, Adderall, and that it impaired his driving. The respondent further admitted that he drove "aggressively and erratically," crossing traffic lines. The respondent was sentenced to the maximum term of incarceration of 93 days and probation for 12 months, a $300 fine was imposed on him, and the vehicle used in the offense was to be immobilized or forfeited. With other court costs and fees, the respondent was ordered to pay a total sum of $1,870. While he was sentenced to 93 days in jail, the respondent did not actually serve any time in jail as the Michigan probation order allowed him to complete 30 days of community service within six months of probation in lieu of immediate jail.
By order to show cause dated December 20, 2022, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before Kevin J. Plunkett, as [*2]Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of operating while visibly impaired, a misdemeanor, in violation of Michigan Compiled Laws § 257.625(3).
After a hearing conducted on February 15, 2023, the Special Referee filed a report dated May 2, 2023, setting forth his findings and recommendation that a final order of public discipline should not be issued because the mitigating factors outweighed the aggravating factors. The Grievance Committee now moves to disaffirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent cross-moves to confirm the Special Referee's report and to close this matter without issuing a public sanction.
At the hearing before the Special Referee, the respondent testified that he was unaware of his duty to report his conviction, and thus, he failed to timely do so. The respondent learned of his duty to report when he was applying to the Michigan Bar. The respondent apologized for his criminal conduct but pointed out that he did not harm a client and that his conduct did not involve his practice of law. According to the respondent, although he was addicted to drugs and alcohol, he never would have mixed his law practice with his drug and alcohol use. At the time of the hearing, the respondent was working with a bankruptcy attorney practicing in federal court since July 2022. The respondent testified that even a public censure would impact his ability to continue on his current path as a responsible and productive attorney. Since his move to Michigan, the respondent had been living with his parents. The respondent testified that he intended to stay in Michigan because that was where he needed to be to stay sober.
The respondent testified that with regard to his 2015 New York conviction of driving while ability impaired, he was driving under the influence of alcohol and Adderall, and he was sentenced to 40 hours of community service and six months of unsupervised probation. The hearing record shows that in 2018, the respondent was convicted in Tarrytown, New York, for unlicensed driving, an infraction, in violation of Vehicle and Traffic Law § 509(1). The respondent testified that his driver license was revoked because he failed to attend a driving class after his driving while ability impaired conviction. According to his New York State Department of Motor Vehicles driving abstract, however, in addition to having his driver license suspended for the driving while ability impaired conviction, the respondent's driver license was revoked on July 23, 2016, for his failure to attend or satisfactorily participate in the New York State Drinking Driver Program, and his driver license was also suspended on February 24, 2017, for failing to pay the driver-responsibility assessment. On April 6, 2017, the respondent was ticketed for driving without a license and speeding. On June 24, 2017, the respondent's driver license was also suspended due to insurance lapse. The respondent failed to answer his ticket for driving without a license and speeding, and his driver license was also suspended on August 17, 2017, for such failure.
In a report dated May 2, 2023, the Special Referee summarized the evidence in the record and found the following aggravating and mitigating factors. In aggravation, the Special Referee found that the respondent had a prior impairment conviction in 2015, which led to the revocation of his driver license, and that the respondent continued to drive, resulting in his conviction of driving without a license. The respondent also failed to report his Michigan conviction until approximately two years later. In mitigation, the Special Referee found that the failure to report was inadvertent. The Special Referee further considered that the respondent had taken responsibility and showed remorse for his actions; his misconduct did not involve the practice of law; he had no disciplinary history; he was dedicated to his sobriety; he was successful in two hearings in Michigan to restore his driver license: the first, to restore the driver license with restrictions, and the second, to lift the restrictions; and since the respondent had been working as a lawyer in a law firm since 2022, a public discipline would interrupt his current and future employment.
The Special Referee recommended that public discipline should not be imposed on the respondent because the mitigating factors outweighed the aggravating factors.
The Grievance Committee moves to disaffirm the Special Referee's report and to impose such discipline upon the respondent as this Court may deem just and proper. The Grievance Committee argues that the Special Referee's recommendation is inconsistent with this Court's precedent and challenges the weight given to certain mitigating factors. The Grievance Committee questions the weight that the Special Referee gave to the inadvertency of the respondent's failure to report his conviction for two years. The Grievance Committee argues that the respondent belatedly reported his conviction because he was required to do so in furtherance of his Michigan Bar application. As the respondent reported his conviction two years later, he had the advantage to [*3]proffer two years of mitigation, which other attorneys do not benefit from when they diligently comply with this Court's rules to report within 30 days of the conviction. Furthermore, the Grievance Committee contends that the respondent's claim that he may be adversely impacted by a public discipline should not be credited as a mitigating factor, as this impact is a common element in attorney disciplinary proceedings. Lastly, the Grievance Committee argues that in reaching this conclusion, the Special Referee did not distinguish nor otherwise address this Court's precedent to impose public censure in similar cases.
The respondent cross-moves to confirm the report of the Special Referee and to close this matter without issuing a public sanction. The respondent argues, inter alia, that the Court should give deference to the judgment of the Special Referee because he is better able to determine the credibility of the witness and is especially qualified to assess the appropriate discipline. The Grievance Committee submits an affirmation in opposition and reply and argues that although this Court has given deference to the Special Referee's findings involving questions of credibility, in this case, that deference is not being questioned because the Grievance Committee is not seeking to disaffirm any findings that were dependent on the Special Referee's first-hand observation of the testimony. Rather, the Grievance Committee is challenging the legal conclusions reached by the Special Referee in determining that a private sanction was warranted because the mitigating factors outweighed the aggravating factors.
Findings and Conclusion
In view of the evidence adduced, the Grievance Committee's motion to disaffirm the report of the Special Referee is granted and the respondent's cross-motion, inter alia, to confirm the Special Referee's report is denied. We find unpersuasive the respondent's argument as mitigation that a public discipline should not be imposed for his misconduct because it would affect his current and future employment. Under the totality of the circumstances, including evidence of the respondent's efforts to remain sober, and this Court's precedent, the respondent is publicly censured for the unlawful conduct that resulted in his Michigan conviction of operating while visibly impaired (see Matter of Kert, 88 AD3d 280; Matter of Brody, 23 AD3d 95).
DILLON, J.P., DUFFY, BARROS, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to disaffirm the Special Referee's report is granted, and the respondent's cross-motion, inter alia, to confirm the Special Referee's report is denied; and it is further,
ORDERED that the respondent, Casey Milton Lovell, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court