In the Matter of EDWARD M. COHEN (Admitted as EDWARD MARVIN COHEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 28, 1988

---

## APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Edward M. Cohen was admitted to practice as an attorney by the Appellate Division, Second Department, on December 14, 1955 under the name Edward Marvin Cohen. At all times relevant hereto, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee brought charges against respondent alleging that he willfully and intentionally disobeyed and resisted an order of the Supreme Court that he appear and testify in an ongoing trial; that he knowingly and intentionally evaded service of a so-ordered subpoena requiring his testimony in the trial; and that he willfully and intentionally attempted to evade service of an order to show cause; all in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6).*

After a hearing before a Panel of the Departmental Disciplinary Committee, the Panel sustained the remaining charges and recommended that the matter be referred to this court with a recommended sanction of public censure.

After careful review of the record, we sustain the Hearing Panel's findings of fact. Between May 1984 and January 1985

---

* Prior to the formal hearing of the case, staff counsel voluntarily dismissed that portion of the charges which alleged a violation of DR 1-102 (A) (4).

respondent represented one Dr. Fazal Ahmad in connection with criminal proceedings relating to possible Medicaid fraud. At respondent's request, he was relieved as Ahmad's counsel in January 1985. Proceedings continued against Ahmad and the trial eventually commenced in March 1985. During the course of Ahmad's trial, the Special Assistant Attorney General trying the case, Michael Berlowitz, determined that respondent's testimony was necessary to refute certain allegations made by Ahmad.

Berlowitz therefore asked the Justice presiding at the trial to issue a subpoena for respondent to appear and testify and a subpoena was issued. Berlowitz spoke to Cohen on the telephone from the courthouse to inform him of the subpoena and Cohen told him that he would not appear.

A second subpoena was then issued and Berlowitz sent an investigator from his office to Cohen's home to serve it. After the investigator announced his purpose to serve a subpoena, Cohen avoided the investigator, left his house by the back door, and then drove off in his car.

Finally, the Supreme Court issued an order to show cause why Cohen should not be held in contempt for ignoring the second subpoena. Two investigators from the Office of the Deputy Attorney General for Medicaid Fraud Control were sent to serve this order to show cause. The investigators met Cohen at the Long Island Railroad station near his home and attempted to serve him after he disembarked from a train. Cohen evaded them and ran into the parked car of his wife who was waiting to pick him up. When the investigators attempted to serve him in the car, Cohen again rejected service of the order to show cause.

Respondent's conduct in evading the service of the subpoenas and order to show cause constitutes conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) and conduct which adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6). His failure to testify impeded the proper administration of justice in Dr. Ahmad's case. The evasion and circumvention of the service of these court papers reflects a disdain for the legal process which cannot be condoned. (See, Matter of Reichman, 227 App Div 512.) Under these circumstances, the punishment of public censure should be imposed.

In a cross motion, respondent moves to confirm in part the Panel's report. He admits that his actions violated DR 1-102

(A) (5) and accepts the Panel's recommendation that he be publicly censured. However, respondent also claims that DR 1-102 (A) (6) is unconstitutionally vague and multiplicious and that that charge should be dismissed.

■ This portion of the cross motion should be denied. A statute is void for vagueness if it fails to give a person of ordinary intelligence reasonable notice that the contemplated conduct is forbidden by statute. *(See, United States v Harriss,* 347 US 612.) DR 1-102 (A) (6) provides that a lawyer shall not "[e]ngage in any other conduct that adversely reflects on his fitness to practice law." Respondent contends that the broad proscription of this rule is unconstitutionally vague. However, this rule does not exist in a vacuum. It must be read in conjunction with the other Disciplinary Rules and the ethical strictures of the Code of Professional Responsibility. In this context, respondent, an experienced attorney, must certainly be on notice that his conduct in disobeying the subpoenas and order to show cause "adversely reflects on his fitness to practice law" and violated the Code of Professional Responsibility. He cannot avoid responsibility for his actions by a dubious claim of vagueness of the Disciplinary Rules. Other jurisdictions have addressed similar challenges to DR 1-102 (A) (6) on the ground of vagueness and have uniformly found that the rule satisfies due process. *(See, e.g., In re Charges of Unprofessional Misconduct Against N.P.,* 361 NW2d 386, 395 [Minn], *appeal dismissed* 474 US 976; *Committee on Professional Ethics & Conduct v Durham,* 279 NW2d 280 [Iowa]; *Office of Disciplinary Counsel v Campbell,* 463 Pa 472, 345 A2d 616, 621, *cert denied* 424 US 926.)

Respondent also argues, without any convincing detail, that the Panel's finding of guilt of the charge of violating DR 1-102 (A) (6) should be disaffirmed because it is multiplicious of the findings that the same conduct violated DR 1-102 (A) (5). This argument is without merit. It is clear that the willful and intentional failure to comply with the subpoenas and order to show cause constituted a violation of each of these rules. Respondent's sole support for this multiplicity argument is by unpersuasive analogy to cases involving the Code of Military Justice. These references are completely inapposite and misplaced. This portion of the cross motion should also be denied.

MURPHY, P. J., ROSS, CARRO, ELLERIN and SMITH, JJ., concur.

The petition is granted; the Hearing Panel findings of fact and conclusions of law are confirmed; the punishment of public censure is imposed; and the cross motion is granted only to the extent of confirming said findings of fact and conclusions of law, and otherwise denied, all as indicated.