[647 NYS2d 802]

In the Matter of DOMENIC J. VALENTINE (Admitted as DOMENIC JAMES VALENTINE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 23, 1996

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Faith Lorenzo* of counsel), for petitioner.

*Murray Richman,* Bronx *(Kevin B. Faga* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this Court on

September 28, 1988, under the name Domenic James Valentine.

In this proceeding, the respondent is charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The Grievance Committee moves to confirm the report of the Special Referee. The respondent has submitted an affidavit in opposition.

Charge One states that in or about April of 1992 the respondent was involved in a traffic accident on the Grand Concourse in Bronx County and was arrested for violating Vehicle and Traffic Law § 1192 (4) and Penal Law § 220.45. On January 5, 1993, the respondent pleaded guilty to violating Vehicle and Traffic Law § 1192 (4), § 509 (1), and Penal Law § 220.45. On January 18, 1994, the respondent, while being represented by counsel, testified at the offices of the petitioner and admitted that he had pleaded guilty to violating Vehicle and Traffic Law § 1192 (4). The respondent also testified that he had been abusing heroin and cocaine, and was addicted to the aforementioned substances. By these actions the respondent has engaged in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Two states that the respondent was sentenced to pay a $500 fine and his driver's license was revoked for six months. A bench warrant was issued on February 23, 1993, due to the fact that the respondent had paid only $460 of the $500 fine. On September 11, 1995, the respondent paid the $40 balance of the fine and an $85 surcharge that he owed. By this conduct, the respondent engaged in conduct that is prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Three states that on January 18, 1994, the respondent, while being represented by counsel, testified at the offices of the petitioner and admitted that another warrant had been ordered against him on September 25, 1992. On December 23, 1992, the respondent returned on the warrant. By these actions, the respondent has been guilty of engaging in conduct that is prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Four states that the respondent testified under oath that he went with Robert Amdur to a store on November 27, 1993. The respondent also testified that Robert Amdur had told the respondent that Robert Amdur had the permission of

his father, Sidney Amdur, to use his father's credit card. While at the store, the respondent signed the name of Sidney Amdur on a credit card receipt for the purchase of a leather jacket. By these actions the respondent has been guilty of engaging in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

After reviewing all the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined in the aforementioned charges. The petitioner's motion to confirm the report of the Special Referee should be granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's lack of any prior discipline and the Special Referee's observations that the respondent "is now functioning well in his employment with a law firm in Florida and his present employer as well as a former employer in Florida have provided him with strong positive comments." Accordingly, it is the decision of this Court that the respondent be censured for his misconduct.

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Domenic J. Valentine, is censured for his professional misconduct.