[16 NYS3d 259]

In the Matter of DAVID GROSSMAN (Admitted as DAVID CRAIG GROSSMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 16, 2015

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

*John L. Juliano*, East Northport, for respondent.

## OPINION OF THE COURT

Per Curiam.

By affirmation dated July 29, 2014, on notice to the respondent, the Grievance Committee for the Tenth Judicial District advised this Court that on October 3, 2013, the respondent entered a plea of guilty in the District Court of the County of Suffolk, First District, to driving while ability impaired by drugs, an unclassified misdemeanor, in violation of Vehicle and Traffic Law § 1192 (4).

By decision and order on motion dated November 12, 2014, this Court, on its own motion, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent. The issues raised by the petition and any answer thereto were referred to the Honorable Michael F. Mullen, as Special Referee, to hear and report.

The respondent was served with a verified petition dated December 4, 2014, containing two charges of professional misconduct. After a hearing on February 25, 2015, the Special Referee sustained charge one, but did not sustain charge two. The Grievance Committee now moves to confirm in part, and disaffirm in part, the report of the Special Referee, and for the imposition of such discipline as this Court deems just and appropriate. The respondent, by his attorney, cross-moves to confirm in part, and disaffirm in part, the Special Referee's report, and requests that the Court issue the respondent an admonition as the appropriate sanction. We find that the Special Referee properly sustained charge one. However, we find that the Special Referee improperly declined to sustain charge two, and that charge two should have been sustained, based upon the evidence adduced at the hearing.

Charge one of the petition alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR

1200.0). On October 3, 2013, before the Honorable Derrick Robinson, District Court, County of Suffolk, First District, the respondent pleaded guilty to the charge of driving while ability impaired by drugs, under Vehicle and Traffic Law § 1192 (4), an unclassified misdemeanor. In his plea allocution, the respondent admitted that he operated a motor vehicle in an impaired condition, after ingesting cocaine. The respondent was sentenced on February 19, 2014 to three years of probation, a $500 fine, a $395 surcharge, and revocation of his driver license for six months. Based upon the foregoing, charge two of the petition alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

We find that the Special Referee properly sustained charge one, as the evidence adduced established that the respondent engaged in conduct in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). While the Special Referee declined to sustain charge two as duplicative of charge one, we determine that the same conduct also adversely reflects on the respondent's fitness as a lawyer, and constitutes a violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) (see Matter of O'Hare, 109 AD3d 351 [2013]; Matter of Cohen, 139 AD2d 221 [1988]). The Grievance Committee's motion to confirm in part, and disaffirm in part, the Special Referee's report is granted, and the respondent's cross motion to confirm in part, and disaffirm in part, the Special Referee's report is denied, and charges one and two are sustained.

In determining an appropriate measure of discipline to impose, this Court has considered the following factors in mitigation: the isolated nature of the misconduct, the respondent's voluntary efforts at rehabilitation, his sincere statements of remorse, the testimony of the character witnesses as to the respondent's integrity and reputation for excellence, and his unblemished disciplinary record.

Under the totality of the circumstances, the respondent is publicly censured (see Matter of Valentine, 224 AD2d 70 [1996]).

Eng, P.J., Rivera, Dillon, Balkin and Leventhal, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted, the respondent's cross motion to confirm in part, and disaffirm in part, the report of the Special Referee is denied, and charges one and two are sustained; and it is further,

Ordered that the respondent, David Grossman, admitted as David Craig Grossman, is publicly censured for his professional misconduct.