[33 NYS3d 743]

In the Matter of WILLIAM J. BRATTON III (Admitted as WILLIAM JOSEPH BRATTON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 22, 2016

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

By affirmation dated January 15, 2015, on notice to the respondent, the Grievance Committee for the Tenth Judicial District advised this Court that on July 16, 2014 the respondent entered a plea of guilty in the Village Court, Village of Elmsford, Westchester County, to driving while intoxicated, an unclassified misdemeanor, in violation of Vehicle and Traffic Law § 1192 (3), and reckless endangerment in the second degree, a class A misdemeanor, in violation of Penal Law § 120.20.

By decision and order on motion dated April 24, 2015, this Court, on its own motion, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent. The issues raised by the petition and any answer thereto were referred to Norma Giffords, Esq., as Special Referee, to hear and report.

The respondent was served with a verified petition dated May 12, 2015 containing two charges of professional misconduct. After a preliminary conference held on July 6, 2015 and a hearing conducted on August 17, 2015, the Special Referee sustained both charges in a report dated November 23, 2015. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent, in responsive papers submitted by his attorney, does not oppose the motion to confirm the Special Referee's report, and requests that the Court refer the matter back to the Grievance Committee for a private reprimand or, at most, impose a public censure as the appropriate sanction.

Charge one of the petition alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

1. On April 12, 2014, the respondent was arrested and charged with reckless endangerment in the first degree, in

violation of Penal Law § 120.25, a class D felony, and driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor.

2. On July 16, 2014, the respondent pleaded guilty to reckless endangerment in the second degree, in violation of Penal Law § 120.20, a class A misdemeanor, and driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor, in full satisfaction of all charges.

3. In his plea allocution, the respondent admitted that he operated a motor vehicle while intoxicated and that he drove in the wrong direction on the Saw Mill River Parkway.

4. On November 5, 2014, the respondent was sentenced to a period of three years of probation and was fined $500, along with a $605 surcharge.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on his conviction of the crimes as set forth in charge one.

We find that the Special Referee properly sustained the charges, as the evidence adduced established that the respondent engaged in conduct in violation of rule 8.4 (b) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). Accordingly, we grant the Grievance Committee's motion to confirm the Special Referee's report.

In determining an appropriate measure of discipline to impose, this Court has considered the following factors in mitigation: the respondent's voluntary efforts at rehabilitation, his sincere statements of remorse, numerous letters and affirmations attesting to the respondent's good character, and his unblemished disciplinary record.

Under the totality of the circumstances, the respondent is publicly censured (*see Matter of Musof*, 76 AD3d 368 [2010]).

ENG, P.J., MASTRO, RIVERA, DILLON and HALL, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, William J. Bratton III, admitted as William Joseph Bratton, is publicly censured for his professional misconduct.