Matter of Eisenfeld (2019 NY Slip Op 06086)





Matter of Eisenfeld


2019 NY Slip Op 06086


Decided on August 7, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2018-01248

[*1]In the Matter of Jason Sebastian Eisenfeld, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Jason Sebastian Eisenfeld, respondent. (Attorney Registration No. 4577698)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 7, 2008. By decision and order on motion of this Court dated June 13, 2018, the respondent was directed to show cause at a hearing, pursuant to 22 NYCRR 1240.12(c)(3)(iii), before David I. Ferber, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based his convictions on December 14, 2017, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), and reckless driving, in violation of Vehicle and Traffic Law § 1212, both unclassified misdemeanors.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.
Scalise & Hamilton, LLP, Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM


OPINION & ORDER
By felony complaint dated May 18, 2017, and filed in the City Court of Yonkers, County of Westchester, the respondent was charged with reckless endangerment in the first degree, in violation of Penal Law § 120.25. The complaint alleged that on May 18, 2017, at approximately 2:28 a.m., the respondent drove his vehicle while in an intoxicated condition and, for approximately 10 miles, drove his vehicle in the wrong direction on various parkways throughout Yonkers.
On December 14, 2017, the respondent pleaded guilty in the County Court, Westchester County, before the Honorable Susan Cacace, to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), and reckless driving, in violation of Vehicle and Traffic Law § 1212, in satisfaction of the charges. At his plea allocution, the respondent admitted that he operated his motor vehicle while in an intoxicated condition and in a manner which unreasonably endangered users of the public highway.
Pursuant to Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a), by letter dated January 9, 2018, the respondent's counsel notified this Court and the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts of the respondent's convictions.
On March 6, 2018, the respondent was sentenced to a three-year period of probation, unless sooner terminated by the County Court, with specified conditions of probation, including drug [*2]and alcohol conditions. In addition, he was directed to pay fines and surcharges totaling $1,695, to use a continuing alcohol-monitoring device for a period of three months, and to install on every vehicle he owns an ignition interlock device for a period of one year, and his driver license was revoked for a period of six months.
By decision and order on motion of this Court dated June 13, 2018, the respondent was directed to show cause at a hearing, pursuant to 22 NYCRR 1240.12(c)(3)(iii), why a final order of suspension, censure, or disbarment should not be made based on his convictions.
A preliminary conference was held on July 17, 2018, and the hearing was conducted over three dates, August 28, August 29, and October 3, 2018. Thereafter, the Special Referee filed a report dated December 5, 2018, in which he concluded that the respondent had not demonstrated why a final order of discipline should not be made. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as this Court deems just and proper. Although the respondent does not oppose the motion to confirm, he asks the Court to impose a sanction no greater than a public censure, in view of his full cooperation with the Grievance Committee and the substantial mitigation presented. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline to impose, we note that, in his submissions to this Court and in his testimony at the hearing, the respondent has been candid and repeatedly acknowledged the wrongfulness of his decision to operate a motor vehicle after consuming alcohol and a controlled substance. He has accepted responsibility for his actions and demonstrated sincere remorse for his conduct. In that regard, the Special Referee reported that he was "convinced that the [r]espondent's remorse is real and honest and that currently he is committed to never repeating such actions again." We have also considered the respondent's compliance with the terms of probation, his voluntary rehabilitative efforts, and the testimony and numerous letters in support of his good character, as well as the isolated nature of the conduct by an attorney with an unblemished disciplinary record.
Under the totality of the circumstances, the respondent is publicly censured (see Matter of Bratton, 141 AD3d 182; Matter of Grossman, 132 AD3d 216; Matter of Musof, 76 AD3d 368).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Jason Sebastian Eisenfeld, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court