Matter of Castelli (2020 NY Slip Op 00123)





Matter of Castelli


2020 NY Slip Op 00123


Decided on January 8, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-09620

[*1]In the Matter of James D. Castelli, admitted as James E. Daguanno, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; James D. Castelli, respondent. (Attorney Registration No. 2359156)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 26, 1990, under the name James E. Daguanno, and subsequently his name was changed to James D. Castelli on the roll of attorneys and counselors-at-law. By order to show cause dated February 15, 2019, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause why a final order of suspension, censure, or disbarment should not be made based on his conviction on November 2, 2015, of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, in violation of Vehicle and Traffic Law § 1192(4-a), an unclassified misdemeanor. In a separate proceeding, under Appellate Division Docket No. 2014-00322, by opinion and order of this Court dated July 1, 2015, the respondent was suspended from the practice of law for a period of three years, commencing July 31, 2015 (see Matter of Castelli, 131 AD3d 29). By decision and order on motion of this Court dated February 15, 2019, the respondent's motion for reinstatement was denied.



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On November 2, 2015, the respondent pleaded guilty in the City Court of the City of Long Beach, before the Honorable Frank D. Dikranis, to, inter alia, driving while ability impaired by the combined influence of drugs or alcohol and any drug or drugs, in violation of Vehicle and Traffic Law § 1192(4-a), an unclassified misdemeanor. At his plea allocution, the respondent admitted that on May 23, 2015, at approximately 2:30 a.m. in the City of Long Beach, he was operating a motor vehicle, that prior to operating that motor vehicle he had consumed alcohol and a controlled substance, and that his ability to operate that motor vehicle was impaired by his consumption of alcohol and a controlled substance. The respondent failed to timely notify this Court and the Grievance Committee for the Tenth Judicial District of his conviction as required by Judiciary Law § 90(4)(c) and 22 NYCRR1240.12(a). On March 21, 2016, the respondent was sentenced, among other things, to a conditional discharge, the condition being that he complete the alcohol and drug therapy program that he was currently attending, he was directed to pay a fine of $500 and surcharges totaling $395, and his license to operate a motor vehicle was revoked for a period of six months.
By affirmation dated August 10, 2018, on notice to the respondent, the Grievance Committee advised the Court of the respondent's conviction. By decision and order on motion dated February 15, 2019, this Court denied the respondent's motion to extend his time to provide notice of his criminal conviction pursuant to Judiciary Law § 90(4)(c), and for such notice to be accepted, nunc pro tunc. By order to show cause dated February 15, 2019, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause why a final order of suspension, censure, or disbarment should not be made based on his conviction of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, in violation of Vehicle and Traffic Law § 1192(4-a), by filing an affidavit with the Clerk of this Court, with proof of service upon the Grievance Committee, on or before April 8, 2019.
The respondent's counsel submitted papers late, and upon his request, the respondent's affidavit and his counsel's affirmation have been accepted for filing and considered in response to the order to show cause. In his affidavit, the respondent, among other things, acknowledged the wrongfulness of his conduct, and candidly admitted that his arrest shocked him into addressing his substance abuse problem. The respondent, who entered into counseling for this issue, has provided the Court with reports from his current therapist, which indicate that the respondent has demonstrated a commitment to his sobriety and recovery. Additionally, the respondent's counsel seeks consideration of the respondent's compliance with all aspects of his sentence, and the affirmations attesting to the respondent's good character. In view thereof, the respondent's counsel seeks the issuance of a private sanction.
In determining an appropriate sanction, we have considered, among other things, the respondent's remorse for his unlawful conduct, and compliance with the conditions of his sentence; his rehabilitative efforts; as well as the evidence submitted in support of his good character. Under the totality of the circumstances, the respondent is publicly censured for the unlawful conduct which resulted in his conviction, which is misconduct separate and apart from that which resulted in his suspension (see Matter of Eisenfeld, 175 AD3d 154; Matter of Grossman, 132 AD3d 216; Matter of Valentine, 224 AD2d 70).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the respondent, James D. Castelli, admitted as James E. Daguanno, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court