Matter of Flynn (2023 NY Slip Op 04590)

Matter of Flynn

2023 NY Slip Op 04590

Decided on September 13, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2020-09071

[*1]In the Matter of Neil P. Flynn, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Neil P. Flynn, respondent. (Attorney Registration No. 2789857)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 8, 1997. By order to show cause dated April 14, 2022, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his conviction on January 24, 2020, of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, in violation of Vehicle and Traffic Law § 1192(4-a), an unclassified misdemeanor.

Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.
Neil P. Flynn, Lido Beach, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
By affirmation dated December 4, 2020, on notice to the respondent, the Grievance Committee for the Tenth Judicial District advised the Court of the respondent's criminal conviction. By order to show cause dated April 14, 2022, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before the Honorable Ralph T. Gazzillo, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, in violation of Vehicle and Traffic Law § 1192(4-a). After a hearing conducted on May 18, 2022, the Special Referee filed a report dated June 21, 2022, setting forth his findings and concluding that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report and requests the imposition of a private discipline. The Grievance Committee opposes the cross-motion.
On January 24, 2020, the respondent pleaded guilty in the City Court of the City of Long Beach, before the Honorable Corey E. Klein, to driving while ability impaired by the combined influence of drugs or alcohol and any drug or drugs, in violation of Vehicle and Traffic Law § 1192(4-a), an unclassified misdemeanor. The respondent was arrested on June 9, 2019, and charged with driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, in violation of Vehicle and Traffic Law § 1192(4-a), an unclassified misdemeanor; driving [*2]while ability impaired by drugs, in violation of Vehicle and Traffic Law § 1192(4), an unclassified misdemeanor; driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor; and leaving the scene of an incident without reporting with property damage, in violation of Vehicle and Traffic Law § 600(1)(a), a traffic infraction. On September 11, 2020, the respondent was sentenced to a conditional discharge, the condition being that he continue counseling until discharged by counseling. He was directed to pay a restitution amount of $1,200, a fine of $500 and surcharges totaling $195, and his license to operate a motor vehicle was revoked for a period of six months.
At the hearing before the Special Referee, the respondent testified that prior to his arrest, he was under "incredible strain" because he had accused his prior employer of criminal and ethical violations and the former employer filed a lawsuit against him alleging, inter alia, slander, libel, and fraud. The former employer also filed a police report, resulting in criminal charges being filed against the respondent for grand larceny. According to the respondent, the Nassau County District Attorney's office declined to prosecute the criminal charges. The respondent also described the adverse medical infirmities he endured during this stressful period.
Findings and Conclusion
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment based on his conviction on January 24, 2020. In view of the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee is granted. The respondent's cross-motion is denied.
Under the totality of the circumstances, the respondent is publicly censured for the unlawful conduct which resulted in his conviction (see Matter of Castelli, 180 AD3d 152).
LASALLE, P.J., DILLON, DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's cross-motion to disaffirm the Special Referee's report is denied; and it is further,
ORDERED that the respondent, Neil P. Flynn, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court