Matter of Fleming (2023 NY Slip Op 06739)

Matter of Fleming

2023 NY Slip Op 06739

Decided on December 27, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2021-07352

[*1]In the Matter of Thomas Michael Fleming II, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Thomas Michael Fleming II, respondent. (Attorney Registration No. 4110227)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 19, 2003. By order to show cause dated March 17, 2022, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his conviction on August 9, 2021, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2), an unclassified misdemeanor.

Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.
Long Tuminello, LLP, Bayshore, NY (Michelle Aulivola and David Besso of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
By order to show cause dated March 17, 2022, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before the Honorable Sandra L. Sgroi, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2). After a hearing conducted on May 10, 2022, the Special Referee filed a report dated July 11, 2022, setting forth her findings and concluding that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made. The Grievance Committee for the Tenth Judicial District now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent cross-moves to (1) disaffirm the Special Referee's report, (2) refer this matter to the Grievance Committee for the imposition of a private discipline, (3) deny the relief sought by the Grievance Committee's motion in its entirety, and (4) grant such other and further relief as this Court deems just and proper.
On August 9, 2021, the respondent pleaded guilty to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2), an unclassified misdemeanor, in the District Court, Suffolk County, before Judge Eric Sachs. The respondent was sentenced to a conditional discharge for one year, a $500 fine, $396 in surcharges, and his driver license was revoked for six months with a 20-day stay. At the time of his plea and sentence, the respondent had already installed an interlock device in his vehicle. According to the misdemeanor information, on January 25, 2021, at [*2]approximately 8:07 p.m., while driving northbound on the southbound lane of Walt Whitman Road, Huntington Station, the respondent hit two southbound vehicles. One of the other drivers was injured and transported to Huntington Hospital. When a police officer interacted with the respondent at the scene of the accident, the police officer smelled alcohol on the respondent's breath and observed that the respondent was unsteady on his feet, had bloodshot and watery eyes, and his speech was slurred. The respondent submitted to a field sobriety test and performed poorly. The respondent was arrested at the scene and transported to a police precinct station house where a breath test was administered. At 10:15 p.m., approximately two hours after the accident, the respondent's blood alcohol content was .16%.
At the hearing before the Special Referee, the respondent testified that he was an equity partner at Milber Makris Plousadis & Seiden, LLP. On the night of his arrest, he had approximately three scotches at the office because it was the first time the employees of the law firm were all back at the office since the COVID-19 pandemic, so they decided to have a few drinks at the office. After drinking, the respondent "stupidly decided to drive home," which he stated was the "biggest mistake in [his] life." The respondent testified that he was on the Northern State Parkway and exited the Parkway to get gas. He did not recall much after that except that his air bags were deployed because he was in an accident. The next thing the respondent remembered was police officers opening his vehicle door to get him out of his vehicle. The respondent was not injured, but the driver of another vehicle was injured, and a civil lawsuit was filed, which has since been settled. After the respondent was arrested, he was recommended for counseling sessions, which he completed.
Findings and Conclusion
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment based on his conviction on August 9, 2021. Notwithstanding the positive character evidence submitted and the demonstration of genuine remorse, the respondent essentially passed out while driving a vehicle in the wrong direction and caused injury to another driver. In view of the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's cross-motion is denied.
Under the totality of the circumstances, the respondent is publicly censured for the unlawful conduct which resulted in his conviction (see Matter of Eisenfeld, 175 AD3d 154; Matter of Bratton, 141 AD3d 182).
LASALLE, P.J., DILLON, DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's cross-motion, inter alia, to disaffirm the Special Referee's report is denied; and it is further,
ORDERED that the respondent, Thomas Michael Fleming II, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court