Matter of Jacobsen (2024 NY Slip Op 00422)

Matter of Jacobsen

2024 NY Slip Op 00422

Decided on January 31, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2021-07857

[*1]In the Matter of Erik P. Jacobsen, admitted as Erik Peter Jacobsen, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Erik P. Jacobsen, respondent. (Attorney Registration No. 2609105)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 18, 1994, under the name of Erik Peter Jacobsen. By order to show cause dated April 14, 2022, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his conviction on August 25, 2020, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor.

Courtny Osterling, White Plains, NY (Antonia Cipollone of counsel), for petitioner.
Gerstenzang, Sills, Cohn & Gerstenzang, Albany, NY (Peter Gerstenzang of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
By affirmation dated May 21, 2021, on notice to the respondent, the Grievance Committee for the Ninth Judicial District advised this Court that on April 22, 2019, the respondent was arrested and charged with the following violations: (1) Vehicle and Traffic Law § 1192(2) (driving while intoxicated; per se); (2) Vehicle and Traffic Law § 1192(3) (driving while intoxicated); (3) Vehicle and Traffic Law § 1111(d)(1) (failing to stop at a red signal); and Vehicle and Traffic Law § 1128(c) (failing to use a designated lane). By a superseding misdemeanor information dated October 31, 2019, the respondent was additionally charged with violating Penal Law §§ 195.05 (obstructing governmental administration), and 205.30 (resisting arrest). On August 25, 2020, the respondent pleaded guilty in Rye City Court, before the Honorable Joseph L. Latwin, to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor, in full satisfaction of the charges. On November 19, 2020, the respondent was sentenced to a one-year conditional discharge and a six-month license revocation, and was directed to pay a $500 fine and $375 in surcharges. The respondent's conditional discharge included his continuation of private counseling, attendance of Alcoholics Anonymous meetings, continued participation in a monitoring program, completion of a victim impact panel and an impaired driver's program, and the installation of an interlock ignition system for a period of one year.
By order to show cause dated April 14, 2022, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before the Honorable Arthur J. Cooperman, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3). After a hearing conducted on June 29, 2022, the Special Referee filed a report dated October 28, 2022, setting forth his findings and concluding that the respondent had not demonstrated [*2]why a final order of suspension, censure, or disbarment should not be made. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. In response, the respondent submits an affirmation in opposition to the motion to confirm and requests a private admonition.
The record shows that on April 21, 2019, at approximately 11:45 p.m., an eyewitness who was traveling on the Saw Mill River Parkway observed the respondent's vehicle, a silver Mercedes-Benz, stopped in the middle of an intersection at a red traffic light. When the traffic light turned green, the respondent's vehicle continued traveling, but was unable to keep within the lane. The eyewitness called 911 to report the incident. Westchester County police officers drove to the reported area and observed the respondent's vehicle exit the Saw Mill River Parkway, cross into the incoming lane of traffic, and return to the correct lane of travel. The respondent then stopped in a left-turn-only lane underneath a red traffic light. When the traffic light turned green, the respondent drove straight, and the police officers pulled over the respondent's vehicle. Upon approaching the respondent's vehicle, the police officers observed the respondent, the sole occupant, behind the wheel, and asked for his license and registration. The respondent handed his license to the police officers and pointed to a registration sticker on the windshield, stating that he did not have the vehicle's registration card with him.
During their interaction, the police officers observed the respondent exhibiting signs of intoxication in that he had a strong odor of alcohol on his breath, glassy eyes, and slurred speech. The police officers asked the respondent if he had drank alcoholic beverages, and the respondent replied that he had not. The police officers repeatedly asked the respondent to step out of his vehicle, and the respondent repeatedly refused. After giving additional commands to exit the vehicle, the police officers tried to pull the respondent out of the vehicle without success because the respondent was holding tightly to the steering wheel. The respondent stated to the police officers, "This is unbelievable," "You're going to have to hurt me," "Where's my phone," and "You're making a big mistake." The police officers warned the respondent that he would be tased if he did not comply, and respondent replied, "I'm doing nothing, you can't tase me." After the police officers made several more requests for the respondent to exit his vehicle, a police officer used his taser on the respondent, removed him from the vehicle, and handcuffed him.
The respondent was placed under arrest at approximately 12:03 a.m. on April 22, 2019, and taken to the hospital where three vials of blood were drawn pursuant to a warrant. At approximately 1:34 a.m., the respondent's blood alcohol content was .264%; at 4:07 a.m., it was .18%; and at 7:56 a.m., it was .10%.
At the hearing before the Special Referee, the respondent testified that after passing the New York State Bar, he had been working with his father at a general practice law office for approximately 35 years. During his legal career, he was elected three times to serve as a part-time Justice for the Town of Bedford. As a Justice, he presided over a variety of cases, including vehicle and traffic law violations.
The respondent testified that on the night of his arrest, it was Easter Sunday and he was at his in-laws' house commiserating over his wife's passing approximately one year earlier. The respondent admitted that he was overcome by grief, that he had consumed alcohol, and that he should not have been driving because he was highly intoxicated. Shortly after his arrest, the respondent sought treatment for his alcohol abuse and joined Gilda's Club to address his grief from the loss of his wife due to cancer. The respondent also submitted evidence concerning his commitment to his sobriety and his dedication to serving his community.
In requesting an admonition, the respondent contends that his drinking did not arise from his acting irresponsibly, such as at an office party or a night on the town, and that he has suffered enough from public humiliation. The respondent's arrest was reported in the newspapers and his discipline by the Commission on Judicial Conduct as a judge was also publicized. Therefore, another public discipline is unnecessary.
Regardless of the respondent's reason for drinking, he endangered the lives of the public when he chose to drink alcohol and then got behind the wheel of a vehicle to drive. The respondent's own belligerent behavior with the police officers drew the attention of the media. He cannot now argue that such publicity should mitigate his misconduct.
Findings and Conclusion
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment based on his conviction on August 25, 2020. In view of the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
Under the totality of the circumstances, the respondent is publicly censured for the [*3]unlawful conduct which resulted in his conviction (see Matter of Flynn, 219 AD3d 44).
LASALLE, P.J., DILLON, CONNOLLY, BRATHWAITE NELSON, GENOVESI, , JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Erik P. Jacobsen, admitted under the name Erik Peter Jacobsen, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court